IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-086-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    ROBERTO K. MERINO LISABET,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

Before the Court is Defendant Roberto K. Merino-Lisabet's *pro se* Motion for Sentence Reduction ("Motion"). (ECF No. 106.) The Government filed an opposition brief. (ECF No. 110.) For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

In May 2022, Merino-Lisabet pleaded guilty to aggravated identity theft and aiding and abetting. (ECF No. 55.) That same month, the Court sentenced him to a term of 24 months' imprisonment, which was the mandatory minimum term under the applicable statute. *See* U.S.S.G. § 2B1.6. (ECF No. 61.)

### II.    ANALYSIS

After a judgment of conviction is entered, federal courts have limited authority to modify a sentence. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). That said, section 3582(c) allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c); *see also United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022) (noting that "retroactive Guideline amendments" are a valid statutory reason to modify a sentence).

When considering a retroactive amendment to the sentencing guidelines, the Court engages in a two-step inquiry. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021). First, the Court must determine the defendant's eligibility for a sentence reduction—specifically, whether the applicable guideline range has been lowered. Second, the Court considers whether the reduction is warranted based on the section 3553(a) factors. *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). Importantly, a court may only reduce a sentence if doing so would be "consistent with applicable policy statements" of the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Effective November 1, 2023, the Sentencing Commission amended the sentencing guidelines. Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for "Zero-Point Offenders." As relevant here, U.S.S.G. § 4B1.1 provides that a defendant is eligible for a decrease of two offense levels if they are a "Zero-Point Offender," *i.e.*, a defendant with no criminal history points. Additionally, the defendant is eligible for a reduction in their offense level only if they satisfy several criteria. *See generally* U.S.S.G. § 4C1.1(a).

Although Merino-Lisabet appears to invite the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2), he does so without advancing any argument or citing to any portion of the record or to any relevant caselaw. (*See generally* ECF No. 106.)

2

Indeed, his five-paragraph Motion contains only conclusory statements, such as, "As a result of the retroactive amendment, a reduction from Defendant's current sentence is appropriate as set forth in the order style Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)." (*Id.* at 1.)  Apart from such conclusory statements, Merino-Lisabet asserts—without any evidence attached to his Motion or citation to the record—that "AUSA Greg Surovic has been consulted, and the Government joins in requesting issuance of the order." (*Id.* at 2.)

The Court is mindful that it must construe Merino-Lisabet's Motion liberally, as he proceeds *pro se*.  *Hall v. Bellmon*, 935 F.2d 935, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  But the Court is equally cognizant that it need not "comb the record and craft arguments [the defendant] did not make." *United States v. Maldonado*, 2023 WL 8097096, at *3 (D. Colo. Nov. 21, 2023); *Hall*, 935 P.2d at 1110 ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."), *cited with approval in United States v. Griebel*, 312 F. App'x. 93, 97 (10th Cir. 2008).

The Court notes that, contrary to Merino-Lisabet's assertion, "AUSA Surovic in the Western District of Texas" apparently "has no knowledge of [the Defendant] whatsoever." (ECF No. 110 at 1 n.1.)  In addition, because Merino-Lisabet does not clearly advance any specific argument in his Motion, the Court will as a result summarily deny it.  *United States v. Nemeckay*, 2021 WL 5961463, at *2 n.18 (D. Utah Dec. 16,

2021) (declining to consider undeveloped arguments).

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Merino-Lisabet's Motion (ECF No. 106).

Dated this 9th day of September, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge